IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DENNIS ANDREW BALL, | ) |
| Appellant, | ) ) ) |
| vs. | ) ) Case No. 13-cv-0349-MJR |
| BOB G. KEARNEY, Bankruptcy Trustee, | ) ) ) ) |
| Appellee. | ) ) |

ORDER ON APPELLANT'S MAY 3, 2013 MOTION
(MODIFYING BRIEFING SCHEDULE)

REAGAN, District Judge:

On April 10, 2013, Dennis Ball filed a notice in this District Court, appealing a March 4, 2013 Order issued by the Honorable Laura K. Grandy, Chief Judge, United States Bankruptcy Court for the Southern District of Illinois. The undersigned District Judge immediately entered a briefing schedule on the appeal, setting a May 9, 2013 deadline for Ball's (Appellant's) initial brief. Later that day, two pleadings were filed in this case, both submitted by Ball (who proceeds pro se) -- one captioned "Amended Notice of Appeal" and the other captioned as a "Motion for Accelerated Ruling.

On April 22nd, the undersigned Judge issued an Order herein. The Order explained that to the extent the April 11, 2013 filings challenged an April 4, 2013 Order of the *Court of Appeals for the Seventh Circuit* (which had declined to certify a direct appeal from the Bankruptcy Court and ruled that Ball must pursue his appeal of the bankruptcy judge's order in this District first), the undersigned Judge lacked subject

matter jurisdiction to review, reverse, or modify that ruling. Additionally, the April 22nd Order denied Ball's request to skip the filing of briefs and expedite the Court's ruling herein. (Ball purported to waive his right to file a brief and asked the Court to "render a final order on the record now," Doc. 6, p. 1). The undersigned Judge explained that it had only a minimal record at this point, without developed positions, legal arguments, or supporting caselaw/authority: "Ball chose to file an appeal to this Court, this Court has set a briefing schedule, and the parties should file their briefs applying the proper legal standard to the question of whether/how Judge Grandy erred in her March 2013 order." (April 22, 2013 Order, Doc. 7, p. 3). Finally, the undersigned Judge denied Ball's one-sentence request to issue a "stay pending appeal order in the public interest to protect appellant's Illinois property."

On May 3, 2013, Ball filed a "Motion for More Time to Prepare Opening Brief With Stay Order for Leave Pending Appeal" (Doc. 8). It is not entirely clear what this motion seeks. It contains several sentences regarding the now-closed appeal in the Seventh Circuit as well as requests for relief identical to the ones this Court denied just two weeks ago. The undersigned Judge endeavors to generously construe this latest motion, given the fact Ball proceeds without the benefit of counsel. Simply put, this Court cannot discern why Ball discusses his failed direct appeal (from the Bankruptcy Court's Order to the Seventh Circuit) or why he attempts to "incorporate the text" from a motion in the Court of Appeals into the current motion in this District.

The Seventh Circuit refused to hear a direct appeal, closed the case in its Court, and directed Ball to proceed with his appeal in this District Court. To the undersigned

Judge's knowledge, nothing remains pending in the Seventh Circuit. Ball appears to not wish to follow the proper steps to pursuing his appeal in this District Court. The Federal Rules of Bankruptcy Procedure call for the filing of briefs in a bankruptcy appeal. Ball again states that he "waives his right to brief the case" and "moves the Court to render a final order on the record" (Doc. 8, p. 1). The Court has denied that request. Ball has shown no ground to reconsider that motion. Ball filed an appeal from Judge Grandy's Order. The Court does not have a sufficient "record" to rule on at this point. And it would be inappropriate to immediately rule based only on the submission by *one side of the case*, without input from the opposing party. This request is denied.

Ball also resubmits an identical motion for "stay pending appeal order in the public interest to protect appellant's Illinois property & Estate" (Doc. 8, p. 1). This, too, was denied by the Court in the April 22, 2013 Order, a ruling which stands.

Accordingly, the Court **DENIES** Ball's May 3, 2013 motion with one exception. The Court **GRANTS IN PART** Ball's request for extra time to file his opening brief. Ball requests an additional 45 days to brief the case. The Court, starting with the date the brief currently is due, will give Ball an additional 35 days to file his opening brief.

Accordingly, **the briefing schedule for this appeal is amended as follows:**

Appellant's Brief (no longer than 25 pages) shall be filed by **June 14, 2013**;
Appellee's Brief (no longer than 25 pages) shall be filed by **July 1, 2013**;
Appellant may file a reply brief (no longer than 5 pages) by **July 14, 2013**.

The Court *may set oral argument* by separate Order issued at a later date.

Appellant Ball is **cautioned** that the failure to file his initial brief by the June 14, 2013 deadline will result in **DISMISSAL** of this appeal for lack of diligent prosecution and/or failure to comply with Court directives.  Additional motions to waive briefing will be summarily denied.

IT IS SO ORDERED.

May 4, 2013.

                                                   s/Michael J. Reagan
                                                   Michael J. Reagan
                                                   United States District Judge